In the Matter of SOCIETA FRA-E NATE-DI TORRE-FARO, INC.

Supreme Court, Special Term, Kings County, September 6, 1940.

*Arthur O. Spagna*, for the applicant.

DALY, J. There has been presented to the court for approval, pursuant to the Membership Corporations Law, a certificate of incorporation of Societa Fra-E Nate-Di Torre-Faro-Inc. (translated, Society of the Native Born of Torre-Faro).

There are five stated objects of the corporation, the first of which is:

" A. Instill in its members a double patriotic love for both their country of origin, Italy, and for their adopted country the great and free United States of America."

It is to be noted that the seven incorporators are citizens of the United States, and from the tenor of the stated purposes it is evident that they are naturalized citizens.

The declaration of intention of aliens desiring to become citizens of the United States contains in part the following: " I will, before being admitted to citizenship, renounce absolutely and forever all allegiance and fidelity to any foreign prince, potentate, state, or sovereignty, of whom or of which I may be at the time of admission a citizen or subject; * * * and it is my intention in good faith to become a citizen of the United States of America and to reside permanently therein; * * *."

Similarly the petition for citizenship contains in part: " I am attached to the principles of the Constitution of the United States and well disposed to the good order and happiness of the United States. It is my intention to become a citizen of the United States and to renounce absolutely and forever all allegiance and fidelity to any foreign prince, potentate, state, or sovereignty, and particularly to [respective name of country] * * *."

Having taken these oaths of fidelity and renounced their country of origin as a condition precedent to obtaining the privilege of citizenship in the United States of America, it is difficult to understand how the seven incorporators of the proposed corporation can presume to seek of a court of this land the privilege of banding themselves together for the avowed purpose of instilling in the members of the organization " a double patriotic love for both their country of origin * * * and for their adopted country * * *."

" Patriotism " is love and devotion to one's country, and when a naturalized citizen renounces " absolutely and forever all allegiance and fidelity to any foreign prince, potentate, state, or sovereignty," he renounces as well all patriotic love and devotion to the foreign sovereign. There can be no hyphenated or dual citizenship in this country, and it follows that there can be no " double patriotic love " for both the country of origin and the United States of America.

What has been said here is not to be confused with a legitimate interest in and sentiment for the culture of a country of origin. The culture, history and language of many foreign countries are subjects legitimately taught and fostered in the institutions of learning in the United States, but allegiance, fidelity and patriotism belong solely to the adopted country, and if there is any reservation thereof, the oaths above referred to are meaningless and sham.

The application is denied.